The Court-
were of opinion that the evidence in this cause did not support the charge of fraud ; that the plaintiff, having a demand against John Drew, had a right to take this land in security; and that he took it subject only to be defeated by redemption, which could only be by the payment of *107 principal and interest in money ; that a relevy was not a redemption, and consequently that the plaintiff was entitled to recover.
The jury were of that opinion, and found the defendant guilty, (a)
[ Conditional judgment for plaintiff'.]
[Abstract of tub above Decision in Manuscript Digest.]
“ When a creditor acquires a title by levy of execution, he may sell before the year expires; and the purchaser’s title is not affected by reversal on review in part or in whole (as it would be on error), but only by redemption. A levy within the year by the debtor against the creditor is not equivalent to a redemption, as it respects a purchaser under the first levy. A purchase by a bona fide creditor is not fraudulent as against the former owner, though the purchaser knew of the reversal of the judgment in part, and intention to levy.”
[Extract from Judge Smith's Manuscript Essay on the Act Relative to Levy of Executions on Lands, passed Feb. 15, 1791.]
“ It has been determined in this State (Strafford, February Term, 1798, or September, 1798, Hodgdon v. Lougee) that a reversal of a judgment on review in part does not affect a levy under the judgment so reversed. And it seemed to be the opinion of the Court that a total reversal on review would not at all affect the levy ; that the only remedy of the party obtaining the reversal was his execution to recover back the debt levied on, which he might levy on the same estate if not conveyed by the creditor.
“ It seemed also to be settled in that case that a sale by execution creditor before the right of redemption was gone was good, and placed the grantee precisely on the ground his grantor stood on.
*108 “ Qucere. Gan original creditor, on total reversal, within a year, on review brought by the debtor, hold .the land in suit by the debtor against him ? It seems unreasonable to say that he may. It is a different consideration, perhaps, where the creditor has transferred his title acquired by the levy.”
[Judge Smith’s Note to the Manuscript Keport of Footman v. Leathers et als., Strafford, September Term, 1803.[1]]
“ A redemption, it is conceived, would inure to the benefit of Jonathan Williams alone, even if the redemption were with the money of Andrew Drew.
“ The mere levy on judgment, Drew and Williams, would vest lands levied on in Drew and Williams.
“And it may be questioned whether a relevy alters thecase. On first levy Jonathan Williams had claim against Andrew Drew for excess above moiety satisfied out of his estate. In the judgment on review, both original defendants interested; consequently both interested in the avails of the judgment. Relevy is not a remitter to first title. It is the acquisition of a new title, especially if equity of redemption expired. Reversal on error, or redemption, is different; there the judgment and levy are avoided, and things are as though no such judgment had been given, or levy made.
“And yet this doctrine, that the property vests equally in' the persons named in the judgment, in case of a review where the first judgment was satisfied by one of the parties, or in *109 any other case^where the parties are unequally interested in the judgment, would operate unjustly. The moiety of the creditor, who in equity had no claim, might be taken by his other creditors. The ground of issuing execution in the case of review is that there has been satisfaction. He that made the satisfaction ought in equity to receive the avails. And yet this would be difficult in practice.” [1]

 See Prov. Law, 145, last clause. Judgment recovered without actual notice to defendant, and levy; defendant having review within a year. In such case, the land levied on not alienable till after one year, or new trial; implying that, in other cases, the land levied on is alienable immediately.

 Under the two judgments in the suit, Drew v. Williams and Drew, there appear to have been a levy and a relevy on several tracts of land. The case of Footman v. Leathers et als. is_ understood to have grown out of such levy and relevy on land in Lee. Upon the trial it appeared that Jonathan Williams owned the premises at the time of the original levy. The-Court, speaking of the effect of the levy under the judgment in review, said, that it was “ at least reasonable that the levy should give the whole laud to Jonathan Williams, because on the judgment in the same suit it was taken from him.”
It is believed that it was not directly decided in that case whether the levy on the judgment in review, in favor of Andrew Drew and Jonathan Williams, gave Jonathan Williams the whole land, or only a title to a moiety.

 As to reviews, see note to Haven v. Libbey, reported post.